### EBENEZER EASTMAN vs. BENNING MOULTON.

Where a party offers to a jury his book of accounts, supported by his supplement-
ary oath, as evidence of the sale and delivery of goods ; if it appear by his
book, or by his examination, that the goods were delivered to a third person,
who might be produced as a witness, the book is not competent evidence.
If a party, who supports his book of accounts by his oath, be cross-examined, it
does not make him a witness in chief.

ASSUMPSIT. The defendant pleaded the general issue, and filed, by way of set-off, an account, one item of which was a charge of 1109 yards of cloth, and another item a charge of 187 yards of cloth.

The cause was tried here at February term, 1824.

To prove his set-off, the defendant offered in evidence his book of accounts, accompanied with his own oath, that the book offered contained the original entries of the articles mentioned in his set-off ; that the entries were made at the times they purported to be made, and at or near the time when the respective articles were delivered. He was then cross-examined by the plaintiff's counsel in the same man-ner, that witnesses in chief are cross-examined ; upon which the defendant's counsel proposed to examine him as a wit-ness in chief ; and this was permitted by the court. In the course of his examination he stated, that the said parcels of cloth, mentioned in the set-off, were delivered not to the plaintiff, but to the servants of the plaintiff. After the ar-guments of counsel to the jury, on both sides, were closed, the plaintiff's counsel objected, that the book of accounts could not go to the jury, as evidence of the delivery of the cloth, because it appeared, that it was in the power of the defendant to produce better evidence, the testimony of those, to whom it was delivered. But the court overruled the ob-jection, as made too late.

The jury having returned a verdict in favor of the defend-ant, the plaintiff moved the court to grant a new trial, on the ground, that the defendant had been improperly admitted to testify in his own cause, as a witness in chief, and that the book of the defendant had been improperly submitted to the jury, as evidence of the delivery of the cloth.

*Noyes*, for the plaintiff.

*Webster*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It has long been the settled practice in this state, to permit the account books of a party, supported by his supplementary oath, to go to the jury, as evidence of the delivery of articles sold, and of the performance of work and labor. But as this is in truth the admission of a party to be a witness in his own cause, the practice is confined to cases, where it may be presumed there is no better evidence, and has many limitations.

In the first place, it must appear, that the charges are in the hand writing of the party, who is sworn ; because, if the charges are in the hand writing of a third person, such third person is presumed to know the facts, and may be a witness ; so that there is no necessity of admitting the party to testify in his own cause. The book is, therefore, in such a case, rejected.

The charges in the hand writing of the party must appear in such a state, that they may be presumed to have been his daily minutes of his transactions and business. For if it appear in any way, that many charges, purporting to be made at different dates, were in fact made at the same time, the book is not evidence. The charges must appear to be the original or first entries of the party, made at or near the time of the transactions to be proved ; and if the contrary appear, the book cannot be admitted as evidence.

There must be no fraudulent appearances upon the book, such as gross alterations. And where it appears by post marks, or otherwise, that the account has been transferred to another book, such other book must be produced.

If it appear by the book itself, or by the examination of the party, that there is better evidence, the book cannot go to the jury as evidence. Thus, if an article be charged in the book as delivered by or to a third person, or if the party on his examination admit that to be the fact, the book is not evidence of the delivery of such article.

The party, when called, is in the first instance permitted to state only, that the book produced is his book of original entries ; that the charges are in his hand writing ; that they

Eastman
*vs.*
Moulton.

were made at the times they purport to have been made, and at or near the time of the delivery of the articles, or of the performance of the services. He may however be cross-examined by the other party ; in which case his answers become evidence, and he is entitled to give a full explanation of any matter, in relation to which an inquiry is made on the cross-examination. It is reasonable and proper, that he should be made a witness as far as the opposite side chooses to make him one ; and that as far as he is made a witness he should be at liberty to give a full explanation. But, in our opinion, a cross-examination does not entitle him to go beyond this. It does not entitle him to testify as to independent facts, not necessary to the explanation of the facts, respecting which he may have been questioned upon the cross-examination. It does not make him a witness in chief in the cause.

Such, in our opinion, is the law on this subject ; (2 *Mass. Rep.* 221, *Cogswell vs. Dolliver.*—2 *ditto* 569, *Prince vs. Swett.* —13 *ditto* 427, *Faxon vs. Hollis.*—4 *ditto* 457, *Prince vs. Smith,*) and it is very easily applied to the case now before us.

As soon as it appeared, that the cloth was delivered to a third person, the book became incompetent evidence to prove the delivery of that article ; and the jury ought to have been so instructed. It was no waiver of the objection, that it was not taken until the arguments were closed. It was enough that the attention of the court was called to the subject before the jury retired. The objection, in its nature, amounted to nothing more than a request to the court to give the jury proper directions in a matter of law, arising in the cause ; and the refusal of such a request is clearly a good cause for a new trial. We think also, that the defendant was not entitled to testify as a witness in chief.

*New trial granted.*